IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD | § | |
| v. | § | CIVIL ACTION NO. 6:11cv702 |
| TEXAS ATTORNEY GENERAL | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Karl Shackelford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of a 180-day jail sentence which he received. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Shackelford says that he is challenging "punishment by Attorney General and County Court No. 2, 180 days." He does not state what county the sentence came from, nor what the offense was, nor provide any basis for his challenge to the sentence. Consequently, the Magistrate Judge said, Shackelford's petition did not set out any basis for habeas corpus relief.

Furthermore, the Magistrate Judge noted that the Northern District of Texas has sanctioned Shackelford $100.00 in three separate cases and barred him from filing any more litigation, either through civil rights or habeas corpus proceedings, until he satisfies those sanctions. The Magistrate Judge observed that the U.S. District Court for the Eastern District of Texas honors sanctions imposed by other federal district courts within the State of Texas, a practice which has been upheld by the Fifth Circuit. Balawajder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998).

Shackelford offered no proof that he had satisfied the sanctions, and the dockets of the Northern District of Texas did not show that the sanctions had been satisfied. Accordingly, the Magistrate Judge recommended that this petition be dismissed without prejudice, with refiling conditioned upon a showing that all sanctions imposed upon Shackelford by any court within the jurisdiction of the Fifth Circuit Court of Appeals have been satisfied. The Magistrate Judge also cautioned Shackelford that if he should refile his petition upon satisfaction of the sanctions, he must set out specific facts showing his entitlement to relief. Finally, the Magistrate Judge recommended that a certificate of appealability be denied *sua sponte* with regard to an appeal of the present case.

Shackelford filed objections to the Report of the Magistrate Judge on January 19, 2012. In his objections, Shackelford says that he is challenging a decision by Smith County Court No. 2, which sentenced him to 180 days for non-payment of child support. He says that the charging instrument was dismissed on August 9, 2011, and thus is "insufficient and void." The only mention of the sanctions comes in the following paragraph, which appears in the "Relief" section of Shackelford's objections:

> Come asking the United States District Court of Tyler, Texas to fix complaint with this amended name and amended exhibit and see aider and abetter for this "sanction" file in Smith County of Tyler, TX, U.S. Court, also see aider and abetter for Judge Judith K. Guthrie and Judge Davis for the 6 year held in TDCJ for statute of limitation amended name damage 1 million.

These objections plainly fail to show that the Report of the Magistrate Judge was in error. As the Magistrate Judge said, the sanctions were imposed on Shackelford by the Northern District of Texas and are honored by the Eastern District. He has not shown that he has satisfied these sanctions, and so the Magistrate Judge correctly recommended that his petition be dismissed until he does so.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling permitted only upon a showing that all sanctions imposed upon Shackelford by any federal court within the jurisdiction of the Fifth Circuit Court of Appeals have been satisfied.  Shackelford may not refile his petition, or any other civil action, without such a showing.  It is further

ORDERED that should Shackelford satisfy the sanctions and refile his petition, he is instructed that he must set forth specific facts showing entitlement to habeas corpus relief, not merely general allegations.  It is further

ORDERED that the Petitioner Karl Shackelford is hereby DENIED a certificate of appealability *sua sponte*; the denial of this certificate relates only to an appeal of the present case and has no effect upon Shackelford's right to refile his petition once he has satisfied all of the sanctions imposed upon him.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

It is SO ORDERED.

SIGNED this 20th day of March, 2012.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE